UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARTING STONE, INC.,

               Plaintiff,

v.

REMEMBER ME PEBBLES LLC,

               Defendant.

Case No. 26-cv-931

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Parting Stone, Inc. ("Plaintiff"), by and through its counsel Loza & Loza, LLP and Lowe Graham Jones PLLC, as local counsel, hereby brings this Complaint against Remember Me Pebbles LLC ("Defendant"). In support thereof, Plaintiff states as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States of America, Title 35 of the United States Code.

## THE PARTIES

2. Plaintiff is a New Mexico limited liability company with a principal place of business located at 9 Plaza la Prensa, Santa Fe, NM 87505. Plaintiff is the owner of all right, title and interest to U.S. Design Patent No. D921,325 for an ornamental design for solidified cremated remains.

COMPLAINT- 1

3.      Defendant is a Washington limited liability company with its principal office located at 24818 230th Way SE, Maple Valley, WA 98038.

## JURISDICTION AND VENUE

4.      The Court has subject-matter jurisdiction over Plaintiff's patent infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338(a), which confer original jurisdiction upon the Court for civil actions arising under the laws of the United States relating to patents. The Court also has subject-matter jurisdiction over Plaintiff's federal unfair competition and trade dress claims under the Lanham Act, 15 U.S.C. § 1125(a), pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121, and supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Defendant because, among other reasons, Defendant: (1) has its principal place of business in Washington, (2) regularly solicits business and derives revenue from infringing products that it sells in the State of Washington and (3) has committed the acts that give rise to the asserted claims within Washington.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400(b) because Defendant resides in this district, Defendant conducts business within this district, and the acts giving rise to the asserted claims are being committed, in part, within this district.

## BACKGROUND FACTS

7.      Plaintiff is a start-up and innovator helping to redefine the post-cremation industry by offering a service to convert human and pet ashes into smooth, solidified "stones" that can be held, shared and displayed by loved-ones of the deceased.

COMPLAINT- 2

8.    Plaintiff invested substantial time and resources to research, test and develop its post-cremation designs.

### PLAINTIFF'S DESIGN PATENT

9.    United States Patent No. D921,325 ("'325 Patent"), titled "Solidified Cremation Remains," was duly and legally issued by the United States Patent and Trademark Office on June 1, 2021. A true and correct copy of the '325 Patent is attached as Exhibit A.

10.    The '325 Patent issued from U.S. Patent Application No. 29/689,170, which was filed on April 27, 2019.

11.    The '325 Patent relates generally to a new, original, non-functional and ornamental design for solidified cremation remains, particularly in a pebble or stone-like shape.

12.    The inventor of the '325 Patent is Justin D. Crowe.

13.    The claim of the '325 Patent is valid and enforceable and enjoys a statutory presumption of validity pursuant to 35 U.S.C. § 282.

14.    All marking requirements under 35 U.S.C. § 287 have been satisfied with respect to the '325 Patent.

### PLAINTIFF'S COMMERCIAL SUCCESS

15.    Since launching its service, Plaintiff's unique, patented design has enjoyed considerable commercial success and received national recognition and awards.

16.    In 2023, Justin Crowe showcased the patented design on Shark Tank, which resulted in an investment from Kevin O'Leary and Lori Greiner.  The episode of Shark Tank first aired on or around April 14, 2023.

COMPLAINT- 3

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

17.    Plaintiff's patented design has also been featured in major national newspapers and news outlets, including the Wall Street Journal, CBS News, Chicago Tribune, ParadePets.com, NY Post, Manila Times, Global News Wire, Business Insider, People.com and others.

18.    Plaintiff's innovative and ornamental design has also garnered industry awards, including the National Funeral Directors Association Innovation Award (2nd place, 2021), Fast Company Magazine's World Changing Ideas Award (Honorable Mention, 2020) and International Cemetery, Cremation, and Funeral Association, Keeping It Personal Award (First place, 2019).

### PLAINTIFF'S DISTINCTIVE TRADE DRESS

19.    Plaintiff's products are identified in the marketplace by distinctive and recognizable trade dress, consisting of the overall visual appearance of a collection of solidified cremation remains presented as multiple smooth, stone-like forms, (the "Trade Dress") including the collective impression created by:

(a) the presentation of cremated remains as a plurality of individual, stone- or pebble-like objects offered as a grouped collection, rather than as a single mass or containerized form;

(b) the stones' smoothed surface quality and natural appearance, conveying the look of naturally worn stones; and

(c) the overall aesthetic impression of a cohesive collection of tactile, hand-held stones.

COMPLAINT- 4

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

20.     The Trade Dress does not depend on any particular color, exact shape, size, or uniformity of the individual stones. Instead, the distinctive character of the trade dress arises from the overall look and feel of the collection as a whole, including its stone-like appearance and naturally smoothed, river-stone-like surface quality, as exemplified by cremation remains published on Plaintiff's website and shown below.



21.     Plaintiff's Trade Dress is commonly experienced by consumers as a collection of multiple individual stones, often comprising many stones, which together create the distinctive impression of transformed remains presented as a meaningful and intentional grouping, rather than as an amorphous mass or container-bound form, as exemplified by cremation remains displayed on Plaintiff's website and shown below.



22.     As a result of Plaintiff's use, promotion, and commercial success, consumers recognize the Trade Dress as identifying Plaintiff as the source of its solidified cremation remains products.

COMPLAINT- 5

LOWE GRAHAM JONES ᴘʟʟᴄ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

**DEFENDANTS' CONDUCT**

23.    To capitalize on the commercial success of the patented design, and Trade Dress, Defendant started offering to sell its service to create pebbles out of cremated remains ("Accused Products").

24.    For example, the following images demonstrate the striking similarities in between Plaintiff's patented design, Plaintiff's Trade Dress, and Defendant's products:



**Patented design from the '325 Patent (left) and Defendant's infringing design (right)**




**Image from Plaintiff's website showcasing Plaintiff's Trade Dress (left) and Defendant's infringing design (right)**

COMPLAINT- 6

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

25.    Defendant markets and sells products that adopt the same overall visual appearance, including the presentation of cremated remains as a collection of smooth, stone-like forms, creating a substantially similar overall aesthetic impression.

26.    Side-by-side comparisons of Plaintiff's products and Defendant's products, including those shown in the images attached hereto, demonstrate that Defendant has copied the overall look and feel of Plaintiff's Trade Dress, including the appearance of smooth, naturally-shaped stones offered as a grouped collection.

27.    The similarities between Plaintiff's Trade Dress and Defendant's products are such that an ordinary consumer is likely to believe that Defendant's products originate from, are affiliated with, or are endorsed by Plaintiff.

28.    Defendant markets and sells its products through its website and directly to consumers making end-of-life and memorialization decisions for loved ones, a context in which consumers are particularly reliant on visual appearance and presentation to identify the source and nature of the products offered.

29.    Defendant's use of a substantially similar appearance in marketing and selling its products has the capacity to deceive and is likely to mislead consumers into believing that Defendant's products originate from, are affiliated with, or are endorsed by Plaintiff, thereby impairing consumers' ability to make informed purchasing decisions.

30.    Defendant's conduct is not isolated but occurs repeatedly in the course of Defendant's ongoing marketing and sale of its products to consumers, including consumers in the State of Washington.

COMPLAINT- 7

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

## COUNT I

### INFRINGEMENT OF THE '325 PATENT

31.     Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

32.     Defendant has and continues to directly infringe the '325 Patent by making, using, offering for sale, and/or selling in the United States, without authority, the Accused Products, which fall within the scope of the claim of the '325 Patent in violation of 35 U.S.C. § 271(a), including solidified cremation remains that copy the design claimed by the '325 Patent.

33.     The Accused Products infringe the '325 Patent, because in the eye of an ordinary observer, familiar with the prior art, the design of the Accused Products is substantially the same in overall appearance as the claimed design of the '325 Patent.

34.     An ordinary observer, giving such attention as a purchaser usually gives, would find the overall appearance of the Accused Products to be substantially the same as the ornamental "stone" or "pebble" shaped design claimed in the '325 Patent such as to deceive and induce the ordinary observer to purchase the Accused Products, supposing them to be Plaintiff's patented design.

35.     Defendant was and has been aware of the '325 Patent and its coverage of solidified cremation remains design, including at least Plaintiff's products, since at least November 18, 2024, when Plaintiff sent Defendant a notice letter (attached to this complaint as Exhibit B).

36.     Defendant has never, either expressly or implicitly, been licensed or otherwise authorized under the '325 Patent.

COMPLAINT- 8

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

37.    As a direct and proximate consequence of Defendant's infringement of the '325 Patent, Plaintiff has been, is being, and unless such acts are enjoined by the Court, will continue to suffer injury and monetary damages for which it is entitled to relief under 35 U.S.C. §§ 284 and 289 adequate to compensate for such infringement, including Defendant's profits or Plaintiff's lost profits, but in no event less than a reasonable royalty, together with pre- and post-judgment interest and costs as fixed by the Court.

38.    Despite its awareness of the '325 Patent, Defendant continues to make, use, offer for sale, and sell infringing products. Therefore, Plaintiff is entitled to receive enhanced damages up to three times the amount of actual damages for Defendant's willful infringement pursuant to 35 U.S.C. § 284.  This is an exceptional case entitling Plaintiff to attorneys' fees under 35 U.S.C. § 285.

39.    Defendant's infringement has further caused, and will continue to cause, substantial and irreparable harm to Plaintiff, for which there is no adequate remedy at law.  Unless and until enjoined by this Court, Defendant will continue to infringe the '325 Patent.  Under 35 U.S.C. § 283, Plaintiff is entitled to an injunction against further infringement.

## COUNT II

### COMMON LAW AND FEDERAL TRADE DRESS INFRINGEMENT
### (15 U.S.C. § 1125(a))

40.    Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

COMPLAINT- 9

41.      Plaintiff owns the Trade Dress associated with its solidified cremation remains products.

42.      Plaintiff has continuously used the Trade Dress in interstate commerce in connection with the marketing, offering for sale, and sale of its products.

43.      Plaintiff's Trade Dress is nonfunctional. The Trade Dress does not affect the cost or quality of the product and is not essential to the use or purpose of the product. The Trade Dress serves a purely source-identifying and ornamental function.

44.      Through extensive and exclusive use, substantial advertising and promotion, unsolicited media coverage, national awards, and commercial success, Plaintiff's Trade Dress has acquired distinctiveness and has become uniquely associated in the minds of consumers with Plaintiff as the source of the products.

45.      Defendant has adopted and used in commerce a trade dress for its solidified cremation remains products that is confusingly similar to Plaintiff's Trade Dress.

46.      Defendant's use of a confusingly similar trade dress is likely to cause, and has caused, confusion, mistake, or deception among consumers as to the source, sponsorship, affiliation, or approval of Defendant's products.

47.      Defendant's adoption and use of the infringing trade dress was intentional and done with knowledge of Plaintiff's Trade Dress and Plaintiff's rights therein, or in reckless disregard of those rights.

48.      As a direct and proximate result of Defendant's trade dress infringement, Plaintiff has suffered and will continue to suffer damages, including loss of sales, loss of goodwill, and damage to its reputation.

COMPLAINT- 10

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

49.     Unless Defendant's unlawful conduct is enjoined, Plaintiff will continue to suffer irreparable harm for which there is no adequate remedy at law.

50.     Defendant's conduct constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and under applicable common law.

**COUNT III**

**VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT**
**(RCW 19.86 et seq.)**

51.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

52.     Defendant engaged in unfair or deceptive acts or practices by marketing, offering for sale, and selling products that copy and imitate the appearance of Plaintiff's distinctive solidified cremation remains, thereby creating a likelihood of consumer confusion as to source, affiliation, or sponsorship.

53.     Defendant's unfair and deceptive acts occurred in trade or commerce, as Defendant promoted and sold its infringing products to consumers, including consumers in the State of Washington.

54.     Defendant's conduct has a public interest impact because it has the capacity to deceive a substantial portion of the purchasing public, including consumers seeking post-cremation memorial products, and because Defendant's unfair and deceptive practices are not an isolated transaction but are part of a pattern of offering and selling confusingly similar products in the marketplace.

COMPLAINT- 11

LOWE GRAHAM JONES ᴘʟʟᴄ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

55.    Defendant's conduct creates a likelihood of harm to other consumers by misleading them into believing Defendant's products originate from, are affiliated with, or are endorsed by Plaintiff, thereby impairing consumers' ability to make informed purchasing decisions in a sensitive and emotionally significant market

56.    Plaintiff has suffered injury to its business or property, including lost sales, loss of goodwill, and damage to its brand and reputation.

57.    Defendant's unfair or deceptive acts were the proximate cause of Plaintiff's injuries.

58.    Defendant's conduct violates the Washington Consumer Protection Act, RCW 19.86.020.

59.    Plaintiff is entitled to all relief available under the Washington Consumer Protection Act, including actual damages, treble damages as permitted by law, injunctive relief, costs, and reasonable attorneys' fees.

## JURY DEMAND

60.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A.  A judgment that the '325 Patent is valid and enforceable;

B.  A judgment that Defendant has infringed and continues to infringe the '325 Patent as alleged herein;

COMPLAINT- 12

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

C.  An order and judgment permanently enjoining Defendant, and anyone acting in concert with it, from further acts of infringement of the '325 Patent.

D.  A judgment and order requiring Defendant to pay Plaintiff Defendant's profits from sale of the Accused Products under 35 U.S.C. § 289, or damages (Plaintiff's lost profits or a reasonable royalty) under 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E.  A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

F.  A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

G.  A judgment and order awarding Plaintiff costs associated with bringing this action; and

H.  A judgment declaring that Defendant's conduct constitutes trade dress infringement and unfair competition in violation of Section 43(a) of the Lanham Act.

I.  An order permanently enjoining Defendant from using a confusingly similar trade dress or otherwise engaging in unfair competition.

J.  An award of damages, equitable relief, costs, and attorneys' fees as permitted under the Lanham Act and the Washington Consumer Protection Act.

K.  Such other and further relief as the Court deems just and proper.

///

///

///

COMPLAINT- 13

LOWE GRAHAM JONES ᴘʟʟᴄ

1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Dated this 18th day of March 2026.

LOWE GRAHAM JONES PLLC

_____
Mitchell D. West, WSBA No. 53103
*West@LoweGrahamJones.com*
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
T: 206.381.3300
F: 206.381.3301
*Counsel for Plaintiff*


/s/ Lena N. Bacani
Lena N. Bacani (*pro hac vice* to be filed)
lena.bacani@lozaip.com
LOZA & LOZA, LLP
305 N. Second Ave., #127
Upland, CA 91786
Phone: (872) 314-1374
Email: lena.bacani@lozaip.com

*Counsel for Plaintiff*

COMPLAINT- 14